UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ALLEN SALGADO,

                Plaintiff,

v.                                         Case No. 21-cv-1450-pp

SERGEANT JOHN DOE,
OFFICER JOHN DOE I and II
and RANDALL HEPP,

                Defendants.

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S THIRD MOTION TO APPOINT COUNSEL (DKT. NO. 24) AND EXTENDING TIME FOR PLAINTIFF TO IDENTIFY JOHN DOE DEFENDANTS**

        On September 30, 2022, the court screened plaintiff Mark Allen Salgado's complaint under 42 U.S.C. §1983 and allowed him to proceed on Eighth Amendment claims against an three unknown defendants: a John Doe Sergeant and two John Doe officers at Waupun Correctional Institution. Dkt. No. 16. The court added Waupun Warden Randall Hepp as a defendant "for the limited purpose of helping the plaintiff identify the names of the defendants." Id. at 7–8. The court explained that the plaintiff would have to serve discovery on Warden Hepp's attorney "to obtain information that will help him identify the names of the defendants." Id. at 8. The court ordered the plaintiff to "identify the names of the John Doe defendants within sixty days of the date that Warden Hepp's attorney files a notice of appearance." Id. at 9 (bolding omitted). The court advised the plaintiff that if "he [did] not identify the names of the Doe defendants, or explain to the court why he [was] unable to do so, by

that sixty-day deadline, the court dismiss his case based on his failure to diligently pursue it." Id.

The court also denied two motions by the plaintiff asking the court to appoint a lawyer for him. Id. at 9–12 (citing Dkt. Nos. 13, 15). The plaintiff alleged that he has "'onset' Alzheimer's disease" and has issues with confusion "'holding [him] back.'" Id. at 9 (quoting Dkt. No. 13). The plaintiff also attached exhibits of medical forms "from a psychological referral, during which a doctor noted the plaintiff's 'history of feigning mental health symptoms for secondary gain' and 'a fixation on presenting himself as significantly impaired (regarding his memory).'" Id. (quoting Dkt. No. 13 at 1). The second motion reiterated the plaintiff's allegations of his "'mental disadvantage along with psyc[h]ological issue.'" Id. at 10 (quoting Dkt. No. 15). The court explained that before it would recruit counsel for the plaintiff, the plaintiff needed to show that he had "'made a reasonable attempt to obtain counsel'" and was unable to competently litigate the case himself "'given the difficulty of the case.'" Id. (quoting Eagan v. Dempsey, 987 F.3d 667, 682 (7th Cir. 2021); and citing Pruitt v. Mote, 503 F.3d 647, 654–55 (7th Cir. 2007)).

The court found that the plaintiff had not satisfied either of those requirements. Id. at 11. He had not demonstrated that he had made any effort to find a lawyer on his own, and he had not included with the motion letters to or from any attorney whom he asked to represent him. Id. The court also noted that the "plaintiff's complaint is clear, concise and easy to understand," and that it was too early in the proceedings to determine whether the plaintiff was

2

Case 2:21-cv-01450-PP   Filed 01/26/23   Page 2 of 8   Document 29

incapable "of asking Warden Hepp's attorney for information about the identities of the three Doe defendants." Id. at 11–12. The court denied the plaintiff's motions without prejudice, meaning that "he may refile his motion later if he still believes he needs an attorney's assistance." Id. at 12.

On October 12, 2022, counsel for Warden Hepp filed his notice of appearance. Dkt. No. 18. That means the plaintiff was required to identify the Doe defendants, or explain why he could not, by December 12, 2022. That deadline has passed. The plaintiff has not filed a motion asking to substitute the real names of the Doe defendants or explained to the court why he is unable to do so. Instead, the plaintiff has filed a third motion asking the court to appoint him a lawyer, dkt. no. 24, and several letters reiterating that request and explaining his attempts to obtain counsel on his own, dkt. nos. 20–23, 25–27.

The motion is a page and half long. The plaintiff says he has "[p]s[eu]do dementia," which makes him forgetful and affects his comprehension and memory. Id. at 1. He says this is similar to dementia and Alzheimer's disease, and it renders him unable to "verbalize a sentence without forgetting what the topic was." Id. He says it is difficult for him to converse with others because he "can[']t keep a topic flowing because he can[']t take in information and break it down." Id. He says he contacted four attorneys, including one named Bridget Davis, asking them to represent him. Id. at 2. He does not say whether any of those attorneys responded to him. He says he is "working as hard as [he] can," but he "keep[s] running into a brick wall." Id.

The plaintiff's letters provide additional information to his request for recruitment of counsel. The first letter the court received is dated November 10, 2022. Dkt. No. 20. It says the plaintiff "contacted around 3-5 attorney[s] by mail" but received only one response from an attorney who told him "there [are] not many attorneys willing to represent Defendants and plaintiff like [he is]." Id. at 1. He reiterates that his "memory and cognitive levels" have made it hard for him to litigate his case, and he again explains his difficulty focusing and holding conversations. Id. at 2; see also Dkt. No. 21 (letter dated November 3, 2022), Dkt. No. 23 (letter dated November 6, 2022). Another letter, dated November 3, 2022, reiterates that the plaintiff had an attorney in his pending state appeal, but the plaintiff says that attorney no longer is helping him "because [he] can't pay them 'rite now' [*sic*]." Dkt. No. 22 at 2. The plaintiff appears to be asking the court to give him "the real names of the officers . . . all Does," or asking the court to ask Warden Hepp's counsel for their names. Id. at 3. He requests a sixty-day extension of time to identify the defendants and reiterates the allegations from his complaint. Id. He also appears to contest his state conviction and to claim that he is innocent of the charges. Id. at 3–6; Dkt. No. 23 at 5–6. One letter lists four attorneys whom the plaintiff says he contacted about representing him; all four have the same address in Madison, Wisconsin,. Dkt. No. 25 at 5, 7.

The court received another letter from the plaintiff on December 5, 2022 that lists additional law offices in Madison, Milwaukee and Waupun. Dkt. No. 26 at 1. The plaintiff says that when he "get[s] envelopes [he] will inquire said

names for representation," but he currently is "waiting on legal supplys [*sic*]." Id. This letter includes the plaintiff's psychological progress notes from July and August 2022, in which a doctor says he "provided additional psychoeducation on depression and a phenomenon known as pseudodementia (which presents as cognitive decline, without the neurological degeneration, and is attributable to another condition, such as depression)." Id. at 3. The note includes a diagnosis of "Persistent depressive disorder," but not Alzheimer's disease, dementia or pseudodementia. Id. at 2–3. The plaintiff also attached disbursement requests for postage on letters he sent to the public defender's office, other attorneys and this court. Id. at 4–11. The most recent letter the court received on December 13, 2022 indicates that it was written on December 4, 2022, and it says the plaintiff sent the court "several copies of the most recent letters to attorneys in hopes of representation for [his] lawsuit." Dkt. No. 27. The court has not received any letters the plaintiff sent to attorneys or any responses he received from those attorneys.

As the court explained in the previous order, the court has the discretion to recruit counsel for a *pro se* civil litigant, taking into account 1) the plaintiff's efforts to obtain counsel on his own and 2) the plaintiff's ability to litigate his lawsuit competently on his own. See Pennewell v. Parish et al., 923 F.3d 486, 490 (7th Cir. 2019) and Pruitt, 503 F.3d at 653. The plaintiff's motion and many letters suggest he has made a reasonable attempt to recruit an attorney on his own. He lists several attorneys whom he says he has contacted, and he attached disbursement requests for the postage for the letters it appears he

5

sent to those attorneys. He says that only one attorney responded to him, but he didn't attach copies of the letters he sent to any attorney or the response he says he received. The court nonetheless finds that the information the plaintiff has included is sufficient to satisfy the first Pruitt factor.

But the plaintiff still hasn't satisfied the second factor. The plaintiff repeatedly reiterates his difficulties communicating and focusing. He says he is suffering from pseudodementia, which he says is a condition like Alzheimer's that affects his mental abilities. He insists this condition prevents him from adequately representing himself or litigating this case on his own. But his own psychiatric documents show he is not suffering from pseudodementia as he insists. A doctor merely provided him information about that condition and diagnosed him with persistent depressive disorder.

Nothing in the plaintiff's most recent letters changes the court's previous conclusion that he appears able to communicate requests to Warden Hepp's attorney for information that will help him identify the Doe defendants. If anything, the plaintiff's frequent letters to the court, and apparently to lawyers in cities across Wisconsin, show that he is able to communicate his needs and the facts of his case. His letters repeatedly discuss the same information he alleged in his complaint. He knows which officers harmed him, how they harmed him and when it occurred. That is sufficient information to allow him to ask Warden Hepp's attorney for those officers' identities. The plaintiff simply has not sent that information to the attorney for Warden Hepp, which is what the court instructed him to do in the previous order.

6

The court sympathizes with the plaintiff's struggles. But as the court noted in the previous order, the plaintiff clearly and concisely stated the facts of his case in his complaint. The facts are straightforward and easy to follow. The plaintiff has firsthand information about what happened, and he has demonstrated no issues recollecting or reiterating the important facts about those events. The court continues to perceive that, at this still early stage of the litigation, the plaintiff is capable of adequately litigating this case on his own. The court recognizes that this case may become more difficult to litigate over time, after the plaintiff identifies the defendants and the defendants answer the plaintiff's complaint. If this case reaches that point, and the plaintiff still believes he needs a lawyer's assistance to litigate this case, he may again request that the court recruit a lawyer to assist him. But the case is not yet at that point. The court will therefore deny the plaintiff's motion for recruitment of counsel.

The court will give the plaintiff additional time to identify the Doe defendants. The court reiterates that if the plaintiff does not identify those defendants, or explain to the court why he cannot, by the deadline the court sets below, it will dismiss this case for the plaintiff's failure to diligently prosecute it.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion for recruitment of counsel. Dkt. No. 24.

The court **EXTENDS** the plaintiff's time to identify the John Doe defendants and **ORDERS** the plaintiff to identify the real names of those

defendants by the end of the day on **March 3, 2023**. If by that deadline the plaintiff still has not identified the Doe defendants, or explained to the court why he is unable to identify them, the court will dismiss this case based on his failure to diligently pursue it. <u>See</u> Civil Local Rule 41(c) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 26th day of January, 2023.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**